DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914.

---

## Anna Jakes, Defendant in Error, v. North American Union, Plaintiff in Error.

### Gen. No. 18,527.

1. INSURANCE, § 793*—*when provision in by-laws for suspension of member for failure to pay monthly assessments is waived.* By-laws of a mutual benefit association providing for suspension of a member on his failure to pay any monthly assessment, *held* waived where a member who fell behind in the payment of two monthly assessments had been allowed for nine years to make his payments quarterly and had received notice from the collector to pay the assessments due by the first of the following month, and on payment being offered it appeared that the association refused to .accept the same because he was sick.

2. CONTRACTS, § 331*—*necessity of notice after waiver of strict performance as to time of payment.* Where strict and exact performance in the matter of payments on a contract at the exact times therein specified have been waived for a portion of the time of such contract, and such delayed payments have been accepted without complaint for a considerable time, reasonable notice thereafter of an intention to return to the strict and exact terms of the contract must be given before a forfeiture or rescission thereof can be declared in law by either party.

3. INSURANCE. § 797*—*power of agents of benefit society to waive provisions of contract.* A restriction upon the power of an agent of a benefit society to waive any conditions of the contract, or upon the manner of their waiver, is a condition which may itself be waived.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Vol. CLXXXVI 1

4. INSURANCE, § 798*—*authority of persons designated to make collections to waive provisions regarding payment of assessments.* It is not within the power of a mutual benefit association to defeat the legal defense of waiver of the provisions of its contracts in the matter of collecting assessments, by declaring that its collector and the subordinate council, whom it has designated to make such collections, are not its agents, or that they have no power to waive for it the provisions of the contract with reference to the payment of assessments.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914.

ROBERT S. ILES, for plaintiff in error.

H. P. SINDEN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error, North American Union, a fraternal benefit society organized under the laws of Illinois, by this writ of error seeks to reverse a judgment of $1,000 against it in favor of defendant in error in her suit on its benefit certificate issued to her as wife of Karel Jakes, August 15, 1899.

Plaintiff in error urged in the court below and urges here as a complete defense to defendant in error's claim the failure of the assured, Karel Jakes, to pay to it his January and February, 1910, assessments when due and payable under its laws, amounting to $1.06 for each of said months, and his suspension in March, 1910, by reason of said nonpayment, and the consequent forfeiture of all his rights as a member of plaintiff in error, and of all of defendant in error's rights under said certificate, as provided by the laws of the order which were a part of the contract.

The assured died April 30, 1910. The evidence further shows without question that he paid to plaintiff in error all his assessments monthly in the months they came due by provisions of the by-laws beginning

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

with August, 1899, the date he became a member, and ending with December, 1900; that for the nine years from 1901 to 1909, both inclusive, he paid all his assessments to plaintiff in error quarterly, and in the last month of the quarters, his last payment of $3.18 having been paid December 28, 1909, being $1.06 assessment for each of the months of October, November and December, 1909. All of said payments are evidenced by two receipt books furnished him by his lodge, Pilsen Council, No. 80, printed in blank form in the Bohemian language, and which he carried with him to the lodge when he paid his assessments, and had the payments receipted for in the books by the financial secretary, the collector of plaintiff in error, at the times the payments were made.

It was also proved without controversy that there was a custom in said lodge for the members to pay their dues quarterly instead of monthly, and that that custom continued through the year 1910; that the local lodge or council would remit monthly to the Grand Council all assessments due for the previous month out of moneys obtained through entertainments and otherwise, and carry the members who were paying quarterly until they paid the assessments to the lodge, and one witness testified that he believed that custom was known to the Grand Council.

Defendant in error further proved that she tendered for her husband on the second Tuesday in March, about March 13, 1910, and again on March 22, 1910, the sum of $3.18 to the collector of plaintiff in error, at the local lodge, in payment of his assessments of $1.06 each for the months of January, February and March, 1910, and that the collector refused to accept the same for said assessments because of her information to him that her husband was sick and unable to attend the lodge in person and pay his assessments. Defendant in error by a ruling of the court was required to introduce, as a part of her case in chief, the application for membership and the medical examin-

ation of the assured, and the constitution and by-laws of plaintiff in error, along with the certificate, all of which by express provisions were made parts of the contract of insurance.

The only evidence offered by plaintiff in error was that of its collector, James Kozak, who testified that he became collector of Pilsen Council, No. 80, February 12, 1910; that Albert Havel, brother of defendant in error came to him "around March 20, 1910," to pay Karel Jakes' assessments for him, and that he refused to accept it because he was informed Jakes was sick; that about March 23, 1910, defendant in error offered him the money for Jakes' said assessments and an application for his reinstatement signed by Jakes, and that he told her her husband ought to come and sign the application; that she told him Jakes could not come because he was sick in bed; that he then told her he could not accept the money and the application until he was examined by a doctor of the Order; that he had signed and mailed to Jakes at his address in "the last of February, 1910," a notice, dated "Chicago, 1910," stating that Jakes was behind in his payments, and that no member was allowed to be sixty days behind in his payments, "otherwise he have to be suspended. See that you pay not later than the first, 1910. Assessments to be paid are Nos...."; that on the 2nd or 3rd of March, 1910, he mailed Karel Jakes a blank application for reinstatement with a second notice signed by him as collector, dated "Chicago, Illinois, 1910," in these words: "I herewith send you list paper which you can fill out if you intend to remain a member of Pilsen Council No. 80, North American Union, and pay up amount. If you do not do same to the 25th of March, 1910, you will be expelled according to the by-laws for non-payment."

The application itself is headed with a notice to Jakes, dated "3-12-1910," stating that he had suspended himself by operation of law from membership in said council by his failure to pay assessments Nos.

176-7 which were due on or before March 1, 1910, amounting to $2.37, including fines, twenty-five cents, and the envelope in which they were mailed shows by the postmark that it was mailed March 11, 1910, 11:30 P. M.

Defendant in error testified in rebuttal that the only notice of any kind received by her or her husband was the said notices inclosed with the application for reinstatement, and that they were received March 12, 1910; that her husband immediately filled out the application and signed it and that she then at once took it to Kozak, the collector, and tendered it with the $3.18 for assessments for January, February and March, 1910, which were refused as aforesaid, and that no other notice was received by her or her husband at any time.

The evidence clearly establishes a waiver by plaintiff in error of its right under the by-laws to suspend Jakes from membership in the council for delinquency in the payment of the January and February, 1910, assessments, and to declare a forfeiture against him and his beneficiary under said certificate. The by-laws of plaintiff in error provided that the monthly assessments should be due and payable from each member on the first day of each calendar month, and that they must be paid before the close of such month, or that the member should be suspended from all benefits in the order without notice, and that he and his beneficiary shall forfeit all interest in the beneficiary certificate. The by-laws also provided that such suspended member may be reinstated on or before the 25th day of the month in which he was suspended, provided that he is in good health, and shall make application and statement certifying that he is in good health and pay the assessments due and unpaid together with the fines named in the by-laws as penalties for not paying according to the by-laws.

Karel Jakes at the time of his alleged suspension was not in good health and died as the result of that illness, and, therefore, under the ruling of plaintiff in

error, could never be restored to his rights as a member, and defendant in error was also barred of all rights under the benefit certificate, although for the nine years just preceding his suspension he had been allowed to pay his assessments quarterly in the last month of the quarters, and generally in the latter part of such last month, and without any complaint whatever by plaintiff in error or of any of its officers, and without even a fine being assessed against him. He was also held to be in default in January, 1910, and while so in default another assessment is charged up against him for February, 1910, and he was all through those two months recognized by plaintiff in error as a member in good standing, and his assessments would have been received in the following month of March for all three of said months, as the evidence clearly shows, if those who undertook for him to pay his assessments had not disclosed that he was sick. Then for the first time plaintiff in error conceived the idea of declaring him suspended, and of refusing to accept his assessments and to reinstate him, unless he would do what was then impossible for him to do, furnish a certificate of health, etc. It would be a hard law, indeed, that would sustain plaintiff in error in its conduct towards Jakes.

Plaintiff in error had a right to adhere strictly to the provisions of its contract, and to require that Jakes pay his assessments according to the exact terms of the contract, but it could waive that right. Where strict and exact performance in the matter of payments on a contract at the exact times therein specified have been waived for a portion of the time of such contract, and such delayed payments have been accepted without complaint for a considerable time, reasonable notice thereafter of an intention to return to the strict and exact terms of the contract must be given before a forfeiture or a rescission thereof can be declared in law by either party. *Palmer v. Ford,* 70

Ill. 369; *Vider v. Ferguson*, 88 Ill. App. 136; *Finch & Co. v. New Ohio Washed Coal Co.*, 156 Ill. App. 589.

The jury were warranted in finding that plaintiff in error by allowing Karel Jakes to pay his dues quarterly in the last month of the quarters for nine full years prior to January, 1910, had induced him to honestly and reasonably believe that he would be allowed to wait until any time in March, 1910, to pay the assessments for the first quarter of 1910, and that he would forfeit no right by so doing. No finding by the jury to the contrary could be sustained under the evidence. Plaintiff in error, therefore, waived its right to declare a forfeiture, and its declaration of forfeiture was no defense to defendant in error's suit. It was, therefore, of no consequence that his statement in his application for reinstatement that he was in good health was false.

The evidence is clear also that Jakes received only the notices that were mailed to him by plaintiff in error's collector on March 11th aforesaid, and that he immediately thereafter did all he could do to pay his assessments by promptly tendering the money therefor and was denied the right to pay them, because he was sick. The notice alleged to have been mailed to him "last of Feb., 1910," is simply a notice to pay his assessments without naming them, and to pay them "not later than the first, 1910," and was not a notice that payment must be paid on or before March 1, 1910, as contended. The notice recognized Jakes as a member in good standing and undertook to fix a date before or on which he could pay his dues without forfeiting any right, but failed to make definite such date. The evidence clearly shows an intent not to declare a forfeiture until the collector learned he was sick and unable then and at all times thereafter to furnish a true certificate of health.

"Forfeitures are not favored in the law, and courts readily seize hold of any circumstances that indicate an intent to waive a forfeiture.  *  *  *  Where the

practice of the company, and its course of dealing with the insured, and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief.'' *Conductors' Benefit Ass'n v. Tucker,* 157 Ill. 194; *Illinois Life Ass'n v. Wells,* 200 Ill. 445; *Jones v. Knights of Honor,* 236 Ill. 113.

The laws of plaintiff in error provide that the subordinate council shall receive from the collector through its treasurer the assessments paid by the members and forward them monthly to the supreme secretary; that the collector is the sole agent of plaintiff in error for the receipt of payment of dues and assessments; that no authority is vested in the subordinate council nor in the collector to extend the time of payment of assessments or to waive any of the requirements for the payment of dues and assessments; that the collector is prohibited from crediting any member on the books of the council with payments unless paid within the time and in the manner provided by the by-laws; and that the receipt and retention of any assessment shall not in any case constitute a waiver of any law or defense which might have been relied upon had such payment not been made.

It is argued by plaintiff in error that such laws and the agreement of the assured to be bound thereby are absolutely binding and cannot be waived, and that defendant in error should not have been permitted to prove and rely on her said defense of waiver. Such laws and by-laws and contract provisions may be waived and were waived by plaintiff in error. It is bound by the acts of its agents, and is charged with the knowledge of its agents gained in their course of dealings with its members. The subordinate council and the collector aforesaid were its agents by express

provisions of its by-laws and bound it by all their acts within the scope of their employment.

A restriction upon the power of an agent of a benefit society to waive any conditions of the contract, or upon the manner of their waiver, is a condition which may itself be waived. It is not within the power of a mutual benefit association to defeat the legal defense of waiver of the provisions of its contracts in the matter of collecting assessments, by declaring that its collector and the subordinate council, whom it has designated to make such collections, are not its agents, or that they have no power to waive for it the provisions of the contract with reference to the payment of assessments. *Dromgold v. Royal Neighbors,* 261 Ill. 60.

For the reasons above given, the court did not err in admitting the evidence of defendant in error, and in refusing to give the instructions offered by plaintiff in error.

The second instruction given by the court is objectionable and should not have been given to the jury. The judgment, however, is so clearly right that it should be affirmed, and it is, therefore, affirmed.

*Judgment affirmed.*