## Abraham Bernstein, Appellant, v. Jacob Weinstein and Louis Weinstein, Appellees.

### Gen. No. 25,641.

1. LANDLORD AND TENANT, § 465*—*when acceptance of payment of rent is waiver of forfeiture.* Where, in a forcible detainer action, the defendants, who occupied the premises under a lease which provided for the payment of rental "in advance on the first day of each and every month," mailed a check to the plaintiff on the fifth day of the month, which was received by him on that date, and the plaintiff had on the third day of the month served notice of forfeiture for nonpayment of rent, the act of the plaintiff lessor in receiving the rent constituted an affirmance of the lawful possession of the defendants' lessee and terminated the lessor's rights under the prior notice.

2. LANDLORD AND TENANT, § 464*—*effect of acceptance of delayed payments on right to require strict performance.* Where the strict and exact performance in the matter of payment of rental under a lease at the exact time therein specified has been waived, for a portion of the time of such lease, and such delayed payments have been accepted without complaint for ' a considerable time, reasonable notice thereafter of an intention to return to the strict and exact terms of the lease must be given before a forfeiture of the lease can be. declared.

3. LANDLORD AND TENANT, § 464*—*when slight delay in payment of rent not ground for forfeiture.* A delay of 4 days in payment of rental is negligible and not a substantial breach of the lease, where there is evidence of some indulgence between lessor and lessee in dealing with each other as to the payment of rent.

Appeal from the. Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 22, 1920.

SCHOENBROD & ROSENGARD, for appellant.

MCINERNEY & POWER, for appellees; JOHN S. BURNS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On April 7, 1919, the plaintiff filed a complaint in forcible detainer in the municipal court against the defendants, setting forth that he was entitled to possession of the store on the ground floor of 1722 West 12th street and the front part of the basement thereunder. The cause was tried without a jury and on April 23, 1919, there was entered the following finding or order: "The court finds the defendants, J. W. Weinstein and Louis Weinstein, not guilty."

The evidence shows that the complaint was based upon the alleged failure of the defendants to pay the rent for the month of April, 1919, in advance on the first day of the month as provided in the written lease.

The lease was originally entered into between the defendants as lessees and Beifeld and Hirsch as lessors, but subsequently the lessors assigned their interests in the lease to the plaintiff. The lease provided that the premises were to be occupied by the defendants as undertakers from November, 1915, until September 30, 1920, at a rental of $2,950, "payable in monthly instalments of fifty dollars ($50.00) each in advance on the first day of each and every month of said term at the office of Beifeld and Hirsch, 76 West Monroe St., Chicago, Illinois." One of the clauses of the lease contains the following:

"It is expressly agreed between the parties hereto, that if default be made in the payment of the rent above reserved, or any part thereof, or in any of the covenants or agreements herein contained, to be kept by the party of the second part, it shall be lawful for, and the party of the second part requests the party of the first part or ——— legal representatives at ——— or their election without notice, to declare said term ended, and to re-enter said demised premises or any part thereof, either with or without process of law, and the said party of the second part, or any other person or persons occupying the same, to expel,

remove and put out, using such force as ——— may deem necessary in so doing, and the said premises again to repossess and enjoy as in ——— first estate; and in order to enforce a forfeiture of this lease for default in any of its conditions, it shall not be necessary to make demand or to serve notice upon the party of the second part, and said party of the second part hereby expressly waive right to any demand or notice from said party of the first part of ——— election to declare this lease at an end or of declaring it so to be; but the fact of the nonperformance of any of the covenants of this lease, shall in itself at the election of the party of the first part, without notice or demand, constitute a forfeiture of said lease, and at any and all times after such default, the said party of the second part shall be deemed guilty of a forcible detainer of said premises. It is further agreed by the parties hereto, that after the service of notice, or the commencement of a suit, or after final judgment for possession of said premises; the first party may receive and collect any rent due and the payment of said rent shall not waive or affect said notice, said suit or said judgment."

The evidence shows that a check for the rent for the month of April, 1919, was sent by mail to the plaintiff by the defendants on April 5, 1919, but that on April 3, 1919, at 4 p. m., the plaintiff had served the following notice upon the defendants:

"You and each of you are hereby notified that I have elected to terminate any interest you or either of you may have in and to a certain agreement entered into by and between yourselves and Alexander Beifeld and Morris Hirsch, dated October 15th, 1915, leasing to you the premises known as the store on the ground floor of the building No. 1722 West 12th street, Chicago, Illinois, and front part of the basement thereunder, which said agreement was assigned to me by the said Beifeld and Hirsch.

"This election to terminate, is in accordance with the terms and provisions of said lease and because of your default and failure to pay the rent for the month

of April on the first day of said month in accordance with the terms of said lease. You are hereby ordered to quit the premises immediately.''

The evidence of Howard Weinstein, one of the defendants, is that he mailed a check to the plaintiff on April 3, 1919, at about 11:00 o'clock in the morning; that the plaintiff had always said that if he were around the first or second of the month he (the defendant) could give him a check but, if not, that he could mail the check; that the reason he did not pay the plaintiff the rent on the first of April, 1919, was because he was waiting for him to come around ''as was his custom''; that he did not come into the office on the first of April.

A receipt for $50 dated April, 1919, ''in full for one month's rent, to 4-30-1919,'' purporting to be signed by A. Bernstein, was offered in evidence. The witness Howard Weinstein said that he received that receipt from the janitor; that the janitor told him that the plaintiff wanted to know if they were ''sore'' because he had handed them (the defendants) a notice; and that when he, the janitor, said to the plaintiff, ''Don't he always pay the rent?'' that Bernstein then said, ''Sure, I have the check in my pocket''; that it was after that that the janitor gave the defendants the receipt. The plaintiff, Bernstein, testified that he gave to the janitor the receipts for all the tenants and by mistake put in that receipt for April; that as to the checks for the rent, one of which was for the premises in question, he did not receive them until Saturday morning, April 5; that he mailed a receipt to one of the Weinsteins on April 5, as soon as he opened the mail and found the checks in it; that he mailed it about 9:00 o'clock or 10:00 o'clock the same morning he got the checks.

There was offered in evidence an envelope—which had contained the check for the April rent—with the printed address of the defendants in the upper left-

hand corner, addressed to the plaintiff. That envelope had been mailed by the defendants and had on its face the stamp of the post office, as follows: "Chicago, April 4, 1:30 a. m. 1919," showing that it was mailed at that time. There was also offered in evidence an envelope from the plaintiff—which has contained a receipt for the April rent—on the face of which was the superscription Howard Weinstein, and the stamp of the post office, "Chicago, Ill. April 5, 11:00 a. m. 1919." There was also offered on behalf of the plaintiff a number of receipts for past rents which were signed by the plaintiff. They showed that some of the instalments of rent had been paid after the first of the month.

At the close of the evidence, certain findings of law and of fact were presented to the court, some of which were allowed and some of which were refused. There was then a finding in favor of the defendants.

From the evidence it appears that the defendants, who occupied the premises under a lease which provided for the "payment of a rental of $2,950, payable in monthly instalments of fifty dollars ($50) each in advance on the first day of each and every month," etc., undertook to pay the rent for the month of April, 1919, by a check which was mailed to the plaintiff, at 11:00 a. m. April 5, 1919, and which was received by him on that date. Claiming that the payment of the rent on the fifth of the month, instead of the first was a breach of the terms of the lease, the plaintiff, seeking an application of the rigor of the law, on April 7, 1919, brought suit to oust the defendants from the possession of the premises and to terminate that lease. In *Collins v. Canty,* 6 Cush. (60 Mass.) 415, the court said: "The acceptance of rent, as rent, for any time subsequent to the expiration of the notice was an admission of the continuance of the tenancy and a waiver of the notice; so that the plaintiff cannot recover." In *Crawford v. Waters,* 46 How. Pr. (N. Y.)

210, the court said: "If any part of the rent be received by the landlord which accrued subsequent to the breach, he again consents to and establishes tenancy, which it was competent for him to have avoided." In the instant case, the notice of forfeiture recited that the election of the plaintiff to terminate the lease was "because of the default and failure to pay the rent for the month of April on the first day of said month," etc.

If we are to consider the plaintiff as having the right to terminate the lease as of the first of April pursuant to his notice and that he is entitled to have the defendants ousted for failure to pay the rent for the month of April on the first of the month, it could only be on the assumption that he had not, prior to the beginning of the suit or trial, accepted the rent for that month. It hardly lies in the mouth of the plaintiff to say that he is both entitled to the rent for the month of April and to oust the defendants for failure to pay it on the first of the month. In *Kenny v. Seu Si Lun*, 101 Minn. 253, the court said: "The general principle is certain that money tendered by the tenant and received by the landlord as rent is paid as rent, and operates to bar the landlord from asserting against the tenant past causes of forfeiture under the terms of the lease which were known to him at the time of such payment." In the instant case, the act of the lessor in receiving the rent constituted an affirmance of the lawful possession of the lessees. The acceptance of rent by a lessor puts an end to his rights under a prior notice of forfeiture for nonpayment of rent. *Webster v. Nichols*, 104 Ill. 160.

Further, the evidence shows that in the course of the preceding year on a number of occasions the plaintiff had received and accepted without question checks from the defendants which were dated after the first of the particular months for which they were given

as payment; and, also, it is the evidence that the plaintiff told one of the defendants that if he was around the first or second of the month he could give him a check but if he was not around he could mail him a check, and that as to the payment of the rent for April, 1919, the witness said, when asked why he did not pay the April rent, "I was waiting for him to come around, which was his usual custom." In *Jakes v. North American Union*, 186 Ill. App. 1, the court said: "Where strict and exact performance in the matter of payments on a contract at the exact times therein specified have been waived for a portion of the time of such contract, and such delayed payments have been accepted without complaint for a considerable time, reasonable notice thereafter of an intention to return to the strict and exact terms of the contract must be given before a forfeiture or a rescission thereof can be declared in law by either party. *Palmer v. Ford*, 70 Ill. 369; *Vider v. Ferguson*, 88 Ill. App. 136; *Finch & Co. v. New Ohio Washed Coal Co.*, 156 Ill. App. 589." *Cicero & Proviso Ice Co. v. Natoma Dairy Co.*, 214 Ill. App. 636, Abst.

It does not require evidence of much indulgence between lessor and lessee in dealing with each other as to the payment of rent under a written lease, which provides that an instalment shall be paid on the first of each month, to justify holding that a delay of 4 days is negligible, and not a substantial breach of the lease.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.