W. B. Martin, Appellant, v. Alexander Dunlap, Trading as Detective Publishing Company, and Alexander Dunlap, Appellee.

Gen. No. 34,633.

 Heard in the first division of this court for the first district at the October term, 1930. Opinion filed January 26, 1931.

B. W. Rosenstone, for appellant; Arthur Abraham, of counsel.

Harold L. Levy, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

April 15, 1930, plaintiff brought an action of forcible detainer against the defendant to recover possession of a suite of offices in the Martin Building, situated at the northeast corner of 11th Street and

Wabash Avenue, Chicago. There was a trial before the court without a jury and a finding and judgment in defendant's favor and plaintiff appeals.

The record discloses that the defendant was occupying the premises in question under a written lease which covered a period from the 1st of January, 1928, until December 31, 1931. On April 12, 1930, plaintiff caused a five-day notice to be served on the defendant. In the notice it was stated that the defendant was in arrears $325 in the payment of his rent, and that "you are further notified that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the expiration of five days after date of service of this notice your lease of said premises will be terminated." Two days after the receipt of this notice by defendant, namely, April 14, defendant tendered his check to plaintiff for $325. The check was given to one of plaintiff's employees and some time the next day was returned to the defendant. April 16 the defendant tendered the $325 to the plaintiff in currency but the tender was refused. The day prior to this second tender, April 15, plaintiff brought his suit.

Under the terms of the lease, the defendant being in default in payment of rent, the landlord had a right to terminate the lease without notice; he did not do this, but served a five-day notice on the tenant advising him that unless the rent was paid within five days the lease would be terminated. Having served this notice, the tenant might within the five days tender the rent so that the lease could not be forfeited during the five days for failure to pay the rent. *Hopkins v. Levandowski,* 250 Ill. 372. In that case the court said (p. 376): "The provision declaring a forfeiture for nonpayment of rent only made the lease voidable at the election of the lessor. On reason and authority, therefore, if the defendant in error gave a five days'

notice he thereby recognized the tenancy of plaintiff in error and waived his right to forfeiture until the expiration of the time stated in the notice.'' In the instant case, the notice having been given on the 12th of April and the rent having been tendered within the five days, the landlord could not, prior to the expiration of the five days, bring suit for possession. Counsel for plaintiff concede this to be the law and say in their brief that in the absence of a provision in the lease their suit would not lie. The provision in the lease which counsel rely upon is as follows: ''the giving or making of any notice or demand, whether according to any statutory provision or not . . . shall not be construed as a waiver of Lessor's right to act without notice or demand . . . or as an election not to proceed under the provisions of this lease.'' The quotation is but a small part of paragraph 12 of the lease. There is no provision in the lease to the effect that although the landlord may give a five-day notice stating that unless the rent is paid within five days the lease will be terminated, that he may nevertheless bring suit for possession and declare the lease terminated within the five days. To permit this to be done would be in the nature of a fraud on the tenant who was seeking within the five days to pay the back rent. The landlord, after notifying his tenant in writing that he had waived his right to declare a forfeiture for a period of five days, ought not to be permitted to stultify himself within that time and to declare a forfeiture of the lease.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.