Metropolitan Life Insurance Company, Appellant, v. Josephine Consento, Also Known as Josephine Consentino, Appellee.

**Gen. No. 40,168.**

Heard in the third division of this court for the first district at the June term, 1938. ▮▮▮▮▮▮ Opinion filed November 30, 1938.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

PETER V. FAZIO, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

The case here on appeal was an action by the plaintiff company to cancel a life insurance policy on the ground that the plaintiff was induced to issue the policy through fraud and misrepresentations by the in-

sured, and that under the incontestable clause in the policy it was necessary to file the bill to preserve the rights of the company before the contestable period expired. The defendant filed her answer and later filed a motion to strike. The trial court sustained the motion and entered judgment for the defendant, from which the plaintiff appeals.

The complaint filed by the plaintiff alleges that on October 9, 1934, Angelina Mengeno made a written application to the plaintiff for a policy on her life in the sum of $1,000, payable to the defendant, as beneficiary; that on October 16, 1934, the plaintiff issued its policy and delivered it to the insured and agreed, in consideration of the application attached to the policy and the payment of the premiums provided therein, to pay $1,000 to the defendant upon receipt of due proof of the death of Angelina Mengeno. The policy provides that it shall be incontestable after two years from its date of issue, and the application attached to the policy contains the questions and answers of Angelina Mengeno, and an agreement signed by the applicant that her statements and answers are correct and wholly true; that they constitute the basis for the policy and that she read the answers before signing; that they are correctly written as given by her and are full, complete and true and that there are no exceptions thereto except as therein stated.

Among the questions and answers contained in the application are the following:

"6. Present condition of health?"
    Answer: "Good."
"7. (a) When last sick?"
    Answer: "Never."
"8. Have you ever changed your residence or left your work for more than one month on account of your health? If yes, give date, duration and name of ailment."
    Answer: "No."

"9. Any physical or mental defect or infirmity? If yes, give particulars."

Answer: "No."

Then follow a number of questions and answers of Angelina Mengeno, the applicant.

The complaint then alleges that the answers are not true; that in fact Angelina Mengeno was not in good health on the date of the application; that she was suffering from dementia praecox and was declared insane in April, 1935, and committed to the Lincoln State School at Lincoln, Illinois, where she remained until October 8, 1927; that she was suffering from a mental defect or infirmity on the date of the application for the policy, and was attended by Dr. George Halperin on September 22, 1934, who, after an examination found her mental development to be definitely arrested and recommended that she be placed in an institution; that on October 9, 1934, the date of the application, the mother of the insured, petitioned the court to commit said Angelina Mengeno to an institution, and on October 31, 1934, she entered the Kankakee State Hospital where she remained until her death, and the plaintiff alleges that the answers to said questions were made for the purpose of deceiving the plaintiff and were material to the risk.

It is further alleged that the defendant has not brought any action at law on said policy and threatens to wait until after the contestable period expires before bringing any action, and it is necessary to institute this action to cancel the policy before the incontestable period provided in the policy expires in order to preserve the rights of the plaintiff, and that unless the relief and injunction prayed for is granted the plaintiff will be deprived of its rights, contrary to the principles of equity and good conscience.

It is further alleged that no letters of administration or letters testamentary have been issued in the estate of Angelina Mengeno but the plaintiff is ready

and willing to return the premiums paid on the policy and has heretofore tendered the premiums to the defendant, but that said premiums were refused and the plaintiff again offers to return the premiums to the defendant or the executor or administrator of the estate of Angelina Mengeno, if one is appointed.

The answer of the defendant admits the issuance of the policy but denies that Angelina Mengeno was not in good health on the date of the application, and denies that she was suffering from dementia praecox, and also denies that she was declared insane in April, 1925, or that the defendant petitioned the court to have her adjudicated insane on October 9, 1936.

After reference to a master in chancery, the defendant filed a motion to strike on the ground that plaintiff has an adequate defense at law under the provision of the policy as follows: ''This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums, etc.''

The court allowed the motion and dismissed the complaint. A judgment for costs was entered against the plaintiff company.

Upon a hearing of defendant's motion to strike, the court held that although the incontestable clause of the policy provides that the policy shall be incontestable after it has been in force for a period of two years from its date of issue, nevertheless, the statutory provision that a policy ''shall be incontestable after it has been in force, during the lifetime of the insured, for two years after its date'' controls, and that the company has an adequate remedy at law.

The plaintiff contends that under the incontestable clause of the policy the plaintiff company is required to take action in court and contest the policy within two years after its date, and that death within the two years does not stop the running of the time limit.

It was error therefore for the trial court to dismiss the complaint since the plaintiff has no adequate remedy at law and would be deprived of its right if it could not resort to equity at this time. To this contention the defendant answers that the question of fraud and facts pertaining thereto are not material to the point raised on this appeal; that the one matter for determination is whether or not the plaintiff company is entitled to maintain its complaint in equity in view of the statutory provision (Cahill's St. 1933, ch. 73, par. 375, sec. 3) governing and controlling the rights of the parties in a contract of insurance issued under the laws of this State. The defendant further contends that the plaintiff company has been protected by the provisions of the statute and having expressly reserved unto itself, by the terms and provisions of its policy, a set period of time, namely, two years, it was the intention of the legislature that this period of time should expire during the lifetime of the insured.

While it is true the statute provides the time after which a policy of life insurance shall be incontestable, it does not meet the situation before us because of the agreement of the parties that the policy shall be incontestable after a period of two years from its date. This agreement was advantageous to the insured, for no doubt the parties could have agreed by the terms of the policy to a one-year period, or that the policy would be incontestable from the date of its issuance, and, of course, the statutory provision would not apply. In this connection the plaintiff calls our attention to the case of *Jefferson Standard Life Ins. Co. v. Keeton,* 292 Fed. 53, which seems to apply to this case. There the court said:

"The appellants had the right to file their bills of complaint when and as they did. They had no adequate remedy at law. Before suing upon the policies the appellee could have waited until they were more

than a year old and then appellants could have made no defense. . . . It was said many years ago, there is no head of equity jurisdiction more firmly established than that which embraces the cancellation of instruments which are capable of a vexatious use after the means of defense at law may become impaired or lost or when they are calculated to throw a cloud upon the title or interest of the parties seeking relief.''

The petition alleges that if the plaintiff waits until the two-year period has passed to bring suit, the plaintiff would be without defense. That is true, for under its terms the policy is incontestable after this period has expired. From the admitted facts, it would follow from the motion to strike the statement, the facts that are well pleaded will control, and the only relief the plaintiff has is to file a bill such as it has filed. If plaintiff had waited until the two-year period had expired it would have been without remedy so far as the questions presented in the petition are concerned. While the statute would apply as to the fixing of the two-year period, the insurance company could not by its agreement with the insured fix the time at three years. The time limit fixed by statute is controlling but, as we have indicated in our opinion, this may be waived or the time may be fixed at one year, or the time limit omitted, and the insurance company would be bound by the agreement made when it entered into an insurance contract with the insured.

Our attention has been called to the case of *Ramsey v. Old Colony Life Ins. Co.*, 297 Ill. 592, wherein it is suggested that the Supreme Court decided that under an incontestable clause worded substantially the same as the one in the case at bar (except that the period was one year in the Ramsey case) a company must contest the policy within the period provided and that death within the period does not stop the time from running.

In the case of *Powell v. Mutual Life Ins. Co.,* 313 Ill. 161, the action was on four life insurance policies. Each policy contained the following clause: "This policy shall be incontestable after two years from its date of issue except for non-payment of premiums." The plaintiff started suit on the policies and the company interposed a defense of fraud in the procurement of the policies and alleged that upon the death of the insured, which was within the contestable period, it discovered the fraud and rescinded the policies within the two-year period and that this action by the company of rescinding and canceling the policies on account of fraud and so notifying the beneficiary within the two years was a contest within the meaning of the clause. A demurrer was sustained to the answer and judgment was entered against the company. The court in discussing incontestable clauses, said: "The incontestable clause now in general use is to the effect that the policy shall be incontestable after a certain period, as one or two years, except for defenses recited therein. Such a clause is generally upheld as valid, because it gives to the insurer a reasonable time in which to discover fraud, if there be such, in the securing of the insurance contract. (*Wright v. Mutual Benefit Life Ass'n,* 118 N. Y. 237; *Massachusetts Benefit Life Ass'n v. Robinson,* 104 Ga. 256; *Clement v. New York Life Ins. Co.,* 101 Tenn. 22; *Bates v. United Life Ins. Ass'n,* 68 Hun, 144; *Murray v. State Mutual Life Assurance Co.,* 22 R. I. 524.) This clause amounts to an agreement between the insurer and the insured that after the expiration of such period the company shall be estopped from contesting the policy or setting up any defense, except such as may be reserved therein or such as is allowed on the ground of public policy." So it would seem that under the circumstances the plaintiff in this case properly instituted this proceeding within the period fixed for the plaintiff to contest

its liability under the policy, and we believe the court erred in sustaining the motion to strike. We quite agree with the interpretation of the statute called to our attention by the defendant, and believe that the provision thereof does not interfere with the right of the plaintiff to institute this proceeding.

The defendant makes the statement that a complaint in equity to cancel the policy for fraud cannot be maintained by the insurance company where the insured dies within the two years from the date of the policy. In view of the Amendment of 1921 adding the words ''during the lifetime of the insured'' to the provision of the Life Insurance Act (Cahill St. 1933, ch. 73, par. 375, sec. 3) stating that a policy of life insurance ''shall be incontestable after it shall have been in force, during the lifetime of the insured, for two years from its date,'' the insurer may contest the policy when the beneficiary files her suit thereon. So the question in this case is, did the plaintiff err in instituting suit at the time it was filed to cancel the policy of insurance. As we have indicated, the defendant contends that under the terms of the policy the insurer may contest the policy when the beneficiary files its suit to enforce the terms thereof.

The United States Supreme Court in *American. Life Ins. Co. v. Stewart,* 300 U. S. 203, a case somewhat in line with the one before us, said:

''The argument is made, however, that the insurer, even if privileged to sue in equity, should not have gone there quite so quickly. Six months and ten days had gone by since the policies were issued. There would be nearly a year and a half more before the bar would become absolute. But how long was the insurer to wait before assuming the offensive, and how was it to know where the beneficiaries would be if it omitted to strike swiftly? Often a family breaks up and changes its abode after the going of its head. The like might happen to this family. To say that the

insurer shall keep watch of the coming and going of the survivors is to charge it with a heavy burden. The task would be hard enough if beneficiaries were always honest. The possibility of bad faith, perhaps concealed and hardly provable, accentuates the difficulty. . . . 'Where equity can give relief plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law.' *Davis v. Wakelee,* 156 U. S. 680, 688, 39 L. Ed. 578, 584, 15 S. Ct. 555. To this must be added the danger that witnesses may disappear and evidence be lost. A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient. . . . Here the insurer had no remedy at law at all except at the pleasure of an adversary. There was neither equality in efficiency nor equality in certainty nor equality in promptness. 'The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party.' *Bank of Kentucky v. Stone,* 88 Fed. 383, 391; cf. *Lincoln National Life Ins. Co. v. Hammer,* 41 F. (2d) 12, 16. To make a contract incontestable after the lapse of a brief time is to confer upon its holder extraordinary privileges. We must be on our guard against turning them into weapons of oppression.''

Accordingly, it would be an unreasonable rule to compel the plaintiff in this action to wait until the time had expired before maintaining a suit of the character filed in this case. It is the duty of litigants to act promptly in filing a bill for cancellation of a contract where fraud is charged in its execution, and this rule would apply to actions on life insurance policies where fraud enters into the making of the agreements such as would require the insurance company to act promptly in contesting the validity of the agreements because of fraud.

From our conclusions, we are of the opinion the trial court erred in sustaining the motion to strike and in

dismissing plaintiff's bill of complaint upon the ground that it had an adequate remedy at law.

For the reasons stated, the dismissal of the bill of complaint and judgment for costs is reversed and the cause remanded with directions that the court hear and determine the questions involved in plaintiff's bill to cancel the life insurance policy.

*Reversed and remanded.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.