Famous Permanent Wave Shops, Inc., Appellant, v.
Archie C. Smith, Appellee.

Gen. No. 40,711.

Opinion filed November 27, 1939.

BARNARD & BARNARD, of Chicago, for appellant; MORTON JOHN BARNARD, of counsel.

FRANK MOLAND, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed its complaint in chancery seeking to restrain defendant from declaring a forfeiture of, or attempting to terminate a lease between defendant as

lessor and plaintiff as lessee and from taking any steps to recover possession of the demised premises from plaintiff, and by its amended complaint asked for money damages; defendant moved to dismiss the complaint as amended on the ground the court had no jurisdiction of the subject matter, plaintiff had an adequate remedy at law and, the complaint was insufficient in law to entitle plaintiff to the relief sought, which motion the court sustained. Plaintiff appeals.

September 18, 1937, defendant Archie C. Smith, as trustee, as lessor, and plaintiff, as lessee, entered into a written lease of the store located at 4704-06 Irving Park Boulevard, Chicago, for the three-year period commencing October 1, 1937, and expiring September 30, 1940, at a rental of $4,500 for the term, payable to the lessor at the office of Smith & Wickersham, 4728 Irving Park Boulevard, Chicago, or at such other address as the lessor may in writing designate, in monthly instalments of $125 each, in advance, on the first day of each month, it being provided that the time of payment was of the essence of the agreement. The lessee was to have an option to renew the lease for an additional three-year period, and at the expiration of that period to renew at a monthly rental of $300 for the period of five years expiring September 30, 1948. Under its terms the lessee had the right to assign the lease or to sublet the demised premises, and at its own expense, to make any alterations, improvements or additions thereto.

The following provisions, found in paragraph 12 of the printed portion of the lease, together with the condition that time of payment of rent was of the essence of the contract, give rise to the present controversy.

" . . . in case of the non-payment of the rent reserved hereby, or any part thereof, . . . lessee's right to possession of the demised premises, thereupon shall terminate, with or without any notice or demand what-

soever, . . . and if the Lessor so elects, but not other-
wise, and with or without notice of such election or
any notice or demand whatsoever, this lease shall there-
upon terminate, . . . The acceptance of rent, whether
in a single instance or repeatedly, after it falls due, or
after knowledge of any breach hereof by Lessee, or
the giving or making of any notice or demand, whether
according to any statutory provision or not, or any
act or series of acts except an express written waiver,
shall not be construed as a waiver of Lessor's right
to act without notice or demand or of any other right
hereby given Lessor, or as an election not to proceed
under the provisions of this lease.''

Plaintiff's original complaint was filed October 26,
1938. Its amended and supplemental complaint, filed
December 6, 1938, sets up the lease, as above out-
lined; alleges that plaintiff has been in possession of
the premises from October 1, 1937, until the present
time and is still in possession under the terms of the
lease; that plaintiff paid the rent of $125 per month
for the months commencing October, 1937, to and in-
cluding September, 1938, and that although some of
these payments were made prior to the first day of
the month for which the same were due and some were
made subsequent to the first day of the month, defend-
ant accepted the rents for each of said months.

The complaint alleges that the check for rent for
the month of September, 1938, was dated September 1,
1938, mailed by plaintiff on September 6 and received
by defendant September 7; that notwithstanding the
fact that plaintiff paid the rent for September, 1938,
and that defendant accepted such rent, defendant on
September 8 sent plaintiff a purported notice of ter-
mination of the lease which was received by plaintiff
September 12, notifying it that by reason of its failure
to make payment of the September rent on Septem-
ber 1, 1938, as provided for in the lease,

". . . the undersigned (defendant) has and did heretofore elect to terminate said lease without notice as provided in paragraph 12 thereof. If you desire to retain possession of said premises, your tenancy will be on a month to month basis at a rental of $125 per month, payable on the first day of each month, in advance." September 13, 1938, plaintiff sent to defendant a letter, by registered mail, in which it denied the right of the defendant to so terminate the lease and refused to enter into any agreement for the use of the premises other than that provided in the lease, and stating that plaintiff's check for $125, which was previously sent to and retained by the defendant, was for rent for the month of September, 1938, in accordance with the provisions of the lease and not under any other tenancy or agreement. It is also alleged that thereafter, on October 6, 1938, defendant deposited said check for payment and it was paid.

The complaint alleges that on September 27, 1938, plaintiff tendered the rent for the month of October, 1938, in accordance with the terms of the lease, but defendant refused it; that on October 10 defendant served upon plaintiff a landlord's five-day notice to the effect that there was then due $125 as "rent for the premises" and that unless payment thereof was made on or before the expiration of five legal days "your Lease to said premises will be terminated." It is alleged that thereafter, on October 12, and within the five days specified in said notice, plaintiff again tendered the rent due for October, 1938, in accordance with the terms of the lease, but defendant refused to accept it; that on October 27 plaintiff tendered the rent due for the months of October and November, 1938, in accordance with the terms of the lease, which tender was refused, as was a similar tender on November 28 for the months of October, November and December. The complaint contains an express tender and offer to pay to defendant the rent of $125 per month for the

months of October, November and December, 1938, in accordance with the terms of the lease, and to pay the rentals prescribed by the lease for the months following the month of October, 1938.

The complaint charges that notwithstanding the fact that the lease is in full force and effect and that plaintiff has complied with it except in so far as a strict compliance with its terms has been waived by the defendant in accepting rental due thereunder subsequent to the first day of the month for which it has become due, and notwithstanding the fact that plaintiff has tendered the rental provided by the lease to be paid, in accordance with its terms, defendant has attempted to cancel the lease and has instituted or has threatened to institute suit for possession, and unless restrained from so doing defendant will endeavor to forfeit and terminate the lease and plaintiff will suffer irreparable injury and will be deprived of its legal rights and of its lawful possession of the premises.

The complaint prayed that a decree be entered declaring the lease to be in full force and effect; that defendant be restrained from declaring any forfeiture thereof and from instituting any suit to recover possession or to oust plaintiff, and from taking any action to recover any money alleged to be due to defendant from plaintiff for rent or otherwise, and that pending the hearing a temporary injunction be entered restraining defendant from doing any of these things.

The complaint concludes that because of the acts of the defendant in wrongfully attempting to terminate the lease, plaintiff was deprived of an opportunity to sublet a portion of the premises and has lost the rental which it would otherwise have received therefor, and by reason thereof plaintiff has sustained damages in the sum of $5,000, for which amount it asks that a judgment be entered against the defendant.

The rule is well established that equity will relieve a tenant from an attempted forfeiture for nonpayment

of rent on a fixed date. ''That a court of equity, even in the absence of special circumstances of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee, is elementary.'' *Kann v. King,* 204 U. S. 43, 54, 55. This general principle has been recognized and followed in many cases in this State. *Palmer v. Ford,* 70 Ill. 369; *Mayer v. Collins,* 263 Ill. App. 219; *Charles Mulvey Mfg. Co. v. McKinney,* 184 Ill. App. 476; *Watson v. Smith,* 180 Ill. App. 289; *Illinois Merchants Trust Co. v. Harvey,* 335 Ill. 284. This is conceded by the defendant, but it is said the rule has not been extended to cases where, as here, the parties have made time the essence of their contract, and *Brink v. Steadman,* 70 Ill. 241; *Mactier v. Osborn,* 146 Mass. 399; *Oesting v. City of New Bedford,* 210 Mass. 396, and *Klein v. New York Life Insurance Co.,* 104 U. S. 88, are cited in support. In the *Brink* case no question of a forfeiture for nonpayment of rent was involved, but a bill to enforce a specific performance of a contract to convey certain premises where time was material and of the essence of the contract and plaintiff failed in a very substantial way to perform his part; in dismissing plaintiff's bill for failure to show a just excuse for nonperformance, the court said that if parties choose to contract for a forfeiture in the absence of any fraud or improper practices on the part of the vendor, the law can afford the vendee no relief. In the *Mactier* case it was said that the result of the authorities is, that where there has been a breach of a covenant to pay rent equity will relieve against a forfeiture even if the breach is wilful on the part of the lessee, although no question of a forfeiture for nonpayment of rent was there involved. In the *Oesting* case the defendant city was about to claim title to buildings upon the land conveyed to it by plaintiff because plaintiff failed to remove them from

the land before a specified time; plaintiff invoked the rule that equity will relieve against a forfeiture, but the court in denying him any relief said: "The nature of the contract having expressly made the time of performance essential, and his right to the property dependent upon it, the plaintiff shows no equitable circumstances of accident or mistake under which relief should be given." Nor is the *Klein* case in point on the facts.

In Williston on Contracts, Rev. Ed., vol. 3, sec. 741, pp. 2101, 2102, it is said that continued acceptance of late performance without objection may operate as a permission to make similarly late performance in the future, "even where the exact time of performance is made of the essence by the contract between the parties," and that this principle finds frequent application in the law of landlord and tenant, citing *Stevinson v. Joy,* 164 Cal. 279, and other cases. In that case the court said: "The true rule is firmly established and recognized by all the authorities. Where time is made of the essence of the contract for the payment of rent or other payments of money, and this covenant has been waived by the acceptance of the rent or other moneys after they are due, and with knowledge of the facts, such conduct will be regarded as creating 'such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of an intention to enforce it.' Such is the language of *Monson v. Bragdon,* 159 Ill. 61, 66, quoted with approval by this court after an extensive review of the authorities in *Boone v. Templeman,* 158 Cal. 290." The *Monson* case involved a bill for the specific performance of a contract and to enjoin defendant from bringing an action of forcible entry and detainer; in September, 1890, the defendant sold to the plaintiff a lot with a cottage thereon, payments to be made on the first day of each month; it was afterwards agreed between the parties that the payments might be made

quarterly instead of monthly; thereafter three payments were made, one on January 9, 1891, another July 10 and the last on February 27, 1892; in September, 1892, the defendant served plaintiff with notice of the forfeiture of the contract for nonperformance of its terms. In holding against the defendant the court said: "It is well settled by our previous decisions, that although the vendor in a contract like this may have the right to declare a forfeiture for noncompliance with its terms in making prompt payment, time being made of the essence of the contract, that right may be waived by his conduct in dealing with the vendee," and that while the defendant's conduct was not necessarily an absolute permanent waiver, yet in a court of equity there was at least such a temporary suspension of the right as could only be restored by his giving a definite and specific notice of an intention to that effect. To the same effect is *Davies v. Dayton,* 298 Ill. 201, 205, where, also, time was made of the essence of the contract. This rule is quoted with approval in *Plummer v. Worthington,* 321 Ill. 450, 457, and *Cottrell v. Gerson,* 371 Ill. 174, 180.

Nor, under the allegations of the complaint, can it be argued that plaintiff has an adequate remedy at law in that whatever rights it has can be asserted by way of defense to any action brought by defendant to recover possession of the demised premises. In *Mayer v. Collins,* 263 Ill. App. 219, the court said:

"It is a well recognized principle that it does not follow that, because a remedy at law is afforded in a case, equity will not also take jurisdiction of the same state of facts. If the remedy in equity is more adequate because of special circumstances in the situation, the jurisdiction of equity will be sustained." To require plaintiff to await the bringing by defendant of an action at law, in which only the right to possession would be determined, before being entitled to have the question decided as to whether the lease has been for-

feited, would place plaintiff at the whim of the defendant. With plaintiff's right to renew the lease is coupled its right to assign it or sublet the premises, and these are valuable rights, and the chances of their being interfered with by reason of a continuing threat on the part of defendant to bring an action for possession thus hindering any effort of plaintiff to sublet or assign, give rise to equitable jurisdiction under the circumstances. Indeed, the complaint alleges that plaintiff has already been prejudiced in its right to sublet the premises under the provisions of the lease. The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party, and a court of equity will relieve against such a predicament by deciding the rights of the parties immediately. *Metropolitan Life Ins. Co. v. Consento,* 297 Ill. App. 450, 459.

Defendant bases his right to forfeit or terminate the lease on the provisions of paragraph 12 thereof, quoted earlier in this opinion, to the effect that in case of nonpayment of rent the lessee's right to possession thereupon shall terminate, with or without notice, and if the lessor so elects, but not otherwise, and with or without notice of such election or any notice or demand whatsoever. In *Donovan v. Murphy,* 217 Ill. App. 31, the lease in question provided that the lessor might declare a forfeiture of the lease for the failure of the lessee to pay rent when due, and also that the lessee waived his right to notice of an election on the part of the lessor to declare the term ended upon default in any of the provisions of the lease; the landlord accepted rent on the 10th day of each month and not upon the 1st day of the month, as provided for in the lease. In reversing a judgment in favor of the lessor in a forcible detainer suit brought by him to obtain possession, the court said the tenant was led to believe, by a course of dealings with the landlord, that payment on the 10th of the month would be a compliance with

the conditions of the lease and, after reviewing several cases, held that under the circumstances, "notwithstanding the provisions of the lease with respect to notice," it was the duty of the lessor to notify the lessee of the intention to insist upon a strict compliance with the terms of the lease as written. See also *Bernstein v. Weinstein*, 220 Ill. App. 292. Defendant's contention, therefore, that the provisions of the lease excused any requirement that he serve notice on plaintiff, cannot be sustained.

Even if the provisions of the lease were construed as giving defendant the right to declare a forfeiture without notice, the service of the five-day notice operated as a waiver of this right. In the instant case plaintiff tendered the rent due for the month of October on September 27, 1938, and this was refused; defendant on October 10 served on plaintiff a landlord's five-day notice to the effect that there was then due $125 as rent for the premises and that unless payment thereof was made on or before the expiration of five legal days after date of service of the notice, plaintiff's lease would be terminated; plaintiff again tendered the rent on October 12, which was two days after the service of the notice, but defendant refused the tender. In *Sixeas v. Fogel*, 253 Ill. App. 579, 583, an action of forcible entry and detainer, the court said that having served the notice, the lessor was bound to comply with the statute relating to landlord and tenant and, the tender having been made within apt time, the lessor was without right to oust the lessee. And in a like action in *Martin v. Dunlap*, 259 Ill. App. 551, 553, the court said: "The landlord, after notifying his tenant in writing that he had waived his right to declare a forfeiture for a period of five days, ought not to be permitted to stultify himself within that time and to declare a forfeiture of the lease." See also *Hopkins v. Levandowski*, 250 Ill. 372, 376. In the instant case the defendant recognized the existence of

the lease at the time of the service of the five-day notice inasmuch as the notice itself stated that unless the rent were paid within five days after service of the notice "your Lease to said premises will be terminated." This is strong evidence of a waiver of the right to forfeit the lease except for nonpayment within the five-day period. As plaintiff tendered the rent within this period no right of forefeiture existed.

Another ground upon which it may be said the defendant clearly waived any right to declare a forfeiture is that he accepted and retained the rent for the month of September, 1938, with knowledge of the breach. This is the month for which the defendant contends the facts show a forfeiture for nonpayment of rent had been established. The rent was sent September 6 and received by defendant on the 7th; on the 8th defendant sent plaintiff a notice that defendant had forfeited the lease for nonpayment of the September rent on the 1st of September. Defendant, however, retained the rent. He therefore had knowledge of the breach at the time he accepted the rent and by so doing waived the right to declare a forfeiture. In *Bernstein v. Weinstein,* 220 Ill. App. 292, the lessor, claiming that the payment of the rent on the 5th of the month instead of the 1st was a breach of the terms of the lease, brought suit to oust the lessees and to terminate the lease; in denying the lessor any relief the court said: "If we are to consider the plaintiff . . . entitled to have the defendants ousted for failure to pay the rent for the month of April on the first of the month, it could only be on the assumption that he had not, prior to the beginning of the suit or trial, accepted the rent for that month. It hardly lies in the mouth of the plaintiff to say that he is both entitled to the rent for the month of April and to oust the defendants for failure to pay it on the first of the month." To the same effect is *Goldberg v. Pearl,* 306 Ill. 436, 440.

We base our opinion upon the general rule, as stated in *Jakes v. North American Union*, 186 Ill. App. 1, 7: "Forfeitures are not favored in the law, and courts readily seize hold of any circumstances that indicate an intent to waive a forfeiture." The present circumstances indicate an intention on the part of defendant to forfeit the lease, not because of any lapses of the tenant but because of "a mere secret mental operation" of the defendant. *Donovan v. Murphy*, 217 Ill. App. 31.

For the reasons above stated the order of the trial court dismissing the complaint is reversed and the cause is remanded with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.