### Frederick W. McKinney, Plaintiff in Error, v. James A. Brady Foundry Company and Guy S. Burtis, Defendants in Error.

### Gen. No. 16,614.

1. LANDLORD AND TENANT—*forfeiture of lease.* Forfeiture of a lease by a landlord is permitted only upon strict compliance with the law, or with a contract whereby compliance therewith is waived.

2. LANDLORD AND TENANT—*demand for rent.* A demand for immediate payment of rent, not made on the date it was due, does not comply with the common-law requirement that demand be made on such date, or with R. S. c. 80, § 8, providing for a demand for payment at a time mentioned in the notice not less than five days after service thereof.

3. LANDLORD AND TENANT—*notice to quit.* Notice of the landlord's election to terminate the tenancy for nonpayment of rent and demand for immediate possession are insufficient under R. S. c. 80, § 9, which provides for not more than ten days' notice.

4. LANDLORD AND TENANT—*demand for rent and possession.* Where a landlord seeks to terminate the tenancy by notice and demand for rent and possession and does not undertake to regain possession under the terms of the lease, which it is alleged waive notice of election to terminate the tenancy and provide for immediate entry, such notice and demand must conform to R. S. c. 80, §§ 8, 9, in order to support forcible entry and detainer.

5. LANDLORD AND TENANT—*forcible entry and detainer.* No right of action in forcible entry and detainer accrues where the landlord makes demand for immediate payment of rent and demands immediate possession, since R. S. c: 80, §§ 8, 9 provide for demand for payment at a time mentioned in the notice not less than five days after service thereof and for not more than ten days' notice to quit.

Forcible entry and detainer.    Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1910.    Affirmed, Opinion filed December 11, 1912.

CHARLES SCRIBNER EATON, for plaintiff in error.

GEORGE D. WELLINGTON and FRANCIS A. HARPER, for defendants in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a proceeding in forcible entry and detainer. The judgment in the Municipal Court was against the plaintiff for costs.    The evidence tends to show that at the time this suit was begun, i. e., December 15, 1909, defendants in error were in arrears for rent due December 1, 1909.    Sections 8 and 9 of chapter 80, R. S., provide two ways in which the landlord may proceed to forfeit the lease and regain possession of leased premises when the tenant is in default in the payment of rent, viz:

"Section 8.    That a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated.    If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand."

"Section 9.    When default is made in any of the terms of a lease, it shall not be necessary to give more than ten days' notice to quit, or of the termination of such tenancy, and the same may be terminated on giving such notice to quit at any time after such default in any of the terms of such lease; which notice may be substantially in the following form, viz:

" 'To A. B.:    You are hereby notified that in conse-

quence of your default in (here insert the character of the default) of the premises now occupied by you, being, etc., (here describe the premises) I have elected to determine your lease, and you are hereby notified to quit and deliver up possession of the same to me within ten days of this date, (dated, etc.)'

To be signed by the lessor or his agent; and no other notice or demand of possession or termination of such tenancy shall be necessary.''

Courts never permit a forfeiture except upon strict compliance with the law, or with the contract of the parties, by which a compliance with the law is waived. Lane v. Brooks, 120 Ill. App. 501.

The evidence in this case discloses that at 9 o'clock, December 15, 1909, plaintiff in error made a written demand on defendants in error for the payment ''forthwith'' of the rent in arrears; that defendants in error refused to pay; that thirty minutes later plaintiff in error served defendants in error with a written notice of his election to declare the lease at an end, and made a written demand for *immediate* possession of the premises; that later, on the same day this suit was begun; that later, and still on the same day defendants in error, through their attorney, tendered to plaintiff in error a certified check for the rent due, which plaintiff in error refused to accept, unless upon condition that the receipt of the same should not be a waiver of his right to forfeit the lease, and to prosecute the suit already begun; that these conditions were not agreed to by defendants in error and the check was not left with plaintiff in error.

The demand for rent made in this case was not in accord with section 8 of chapter 80, because it was for immediate payment, while that section provides for a demand for payment to be made at a time mentioned in the notice not less than five days after the service of notice. Neither was it a sufficient demand at common law, because it was not made on the date the rent became due. The notice of the landlord's

election to terminate the tenancy and the demand for possession is not sufficient under section 9 of Chapter 80, because it called for immediate possession, while that section provides for not more than ten days' notice, and it has been held that the tenant has the full ten days in which he may pay the rent and avoid the forfeiture. Chadwick v. Parker, 44 Ill. 326; Chapman v. Kirby, 49 Ill. 211; Woodward v. Cone, 73 Ill. 241. It is, however, contended that a compliance with sections 8 and 9 of chapter 80, R. S., was waived by the following terms of the lease, viz:

"It is expressly agreed, Between the parties hereto that if default be made in the payment of the rent above reserved or any part thereof, or in any of the covenants and agreements herein contained, to be kept by the parties of the second part, it shall be lawful for the party of the first part or the legal representatives of said party, at any time thereafter, at the election of the said first party, or the legal representatives thereof, without notice, to declare said term ended, and to re-enter said demised premises, or any part thereof, either with or without process of law, and the said parties of the second part, or any person or persons occupying the same, to expel, remove, and put out, using such force as may be necessary so to do, and the said premises again to repossess and enjoy as before this demise, without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants."

Whatever might be said of the sufficiency of this provision of the lease as a waiver of notice of the election of the landlord to declare the tenancy at an end, the landlord did not undertake to regain possession under the terms of the lease without notice, but did elect to terminate the tenancy by notice and demands for rent and possession. Having undertaken to terminate the tenancy by notice and demand for rent and possession, such notice and such demands must conform to the provisions of the statute above quoted, before right of action by forcible entry and detainer

accrues.   This he did not do.   The suit was, therefore, properly dismissed.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*