August Jacobs, Defendant in Error, v. Henry T. Jurgensen et al., trading as Jurgensen Tea Company, Henry T. Jurgensen, Plaintiff in Error.

### Gen. No. 19,767.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 31, 1914.

## Statement of the Case.

'Action of forcible entry and detainer by August Jacobs against Henry T. Jurgensen and John F. Jurgensen, trading as Jurgensen Tea Company. The action proceeded against Henry T. Jurgensen alone, the other party not being served, and it appearing that such other party had terminated business relations with the defendant. The premises involved were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

leased to the defendant under a lease providing for forfeiture if the rent remained unpaid after the first of the month. It appeared, however, that the check in payment of the rent was usually mailed by the defendant to the plaintiff a few days after the first, and on the occasion in question such monthly check was not received until thirteen days after the first of the month, when it was returned and these proceedings instituted. At the close of the trial a verdict was directed for the plaintiff, whereupon the defendant, Henry T. Jurgensen, brought error.

JOHN C. TRAINOR, for plaintiff in error.

G. A. DAHLBERG, for defendant in error; GURDON WILLIAMS, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 470*—*when waiver of forfeiture will be presumed.* Where a lease provided that the landlord might declare a forfeiture of the same because of the failure of the lessee to pay the rent when due, such landlord had the right to waive the forfeiture, and waiver would be presumed until he did some act manifesting an intention to declare a forfeiture.

2. APPEAL AND ERROR, § 913*—*when stenographic report complete.* Where a certificate to the stenographic report states that it contains "all the evidence and testimony offered, heard or received on the hearing of the above entitled cause," it cannot be contended that the report is not in fact complete.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.