J. W. Sixeas, Appellant, v. Myer Fogel, Lessee, and. Vogue Smart Shop, Assignee, Appellees.

Gen. No. 33,230.

Opinion filed June 26, 1929.

PAUL A. NEUFFER, for appellant; OTTO ADE ARNSTON, of counsel.

ROSENBERG, BRAUDE & ZIMMERMAN, for appellees; MAX DANIELS, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

The plaintiff was the lessor and the defendant, Vogue Smart Shop, was the assignee of the lessee of certain premises located at 4017 West Madison Street

in the City of Chicago. The lease between the parties contained two paragraphs pertinent to the issue raised on this appeal. They read: ·

"It is expressly agreed between the parties hereto, that in case the lessee shall make any default in respect to any of the foregoing covenants, . . . then, and in any of said cases the lessors may at their option at once, without notice to the lessee or to any other person, terminate this lease; and upon the termination of said lease at the option of the lessors as aforesaid, . . . the lessee will at once surrender possession of said premises to the lessors and remove all effects therefrom, and if such possession be not immediately surrendered, the lessors may forthwith re-enter said premises and repossess himself thereof as of their former estate and remove all persons and effects therefrom, using such force as may be necessary, without being deemed guilty of any manner of trespass or forcible entry or detainer.

"The lessee expressly waives the service of any notice of intention to terminate this lease or to re-enter said premises, and waives the service of any demand for payment of rent or for possession, and waives the service of any and every other notice or demand prescribed by any statute or other law, and agrees that the simple breach of any of the said covenants shall, of itself without the service of any demand whatever, constitute a forcible detainer by the lessee of said premises within the meaning of the statutes of the State of Illinois."

The lease bore date of October 24, 1921, and was for a term of ten years. Rent was made payable at the rate of $300 per month, to be paid in advance on the first day of each calendar month. Neither of the defendants having paid the rent which fell due on August 1, 1928, the plaintiff on the 23rd day of that month served upon the defendant, Vogue Smart Shop, a notice as follows:

"To Myer Fogel, Lessee, and Assignee, as per Indenture of Lease, dated the 24th day of October, 1921.

"You are hereby Notified, That your tenancy of the following premises, to-wit: the Store on the first floor of the three story brick building known as number 4017 West Madison Street,...................situate in the City of Chicago, in the County of Cook and State of Illinois, will terminate on the thirty-first day of August, A. D. 1928, and you are now hereby required to surrender possession of said preimses to me on that day.

"Dated at Chicago, Illinois, this (22) day of August, A. D. 1928.

J. W. Sixeas."

On September 24, 1928, the plaintiff brought an action of forcible entry and detainer against the defendants in the municipal court of Chicago. The case was tried before the court, without a jury. The court found in favor of the defendants and entered judgment upon the finding. The plaintiff was granted this appeal.

There is not much conflict about the facts. Rent for the months of May, June and July was paid and payment accepted by the plaintiff about the middle of each month. After receiving the notice above set out the defendant, Vogue Smart Shop, on August 28, 1928, tendered to the plaintiff the rent due on the first of that month. No objection was made to the form of the tender but it was refused. The plaintiff testified that it was made by proposed purchasers of the business of the Vogue Smart Shop. But there was competent testimony to the contrary which the trial court evidently found to be in accord with the facts and we find nothing in the record which would warrant us in disturbing that finding.

Under this state of facts the law obligated the plaintiff, before declaring a forfeiture, to give notice of

his intention to insist upon a strict compliance with the terms of the lease with reference to the time the rent should be paid. This he did not do. The law applicable to these circumstances is well expounded in the case of *Donovan v. Murphy,* 217 Ill. App. 31. In that case the Appellate Court reversed a judgment of the trial court in favor of the plaintiff in a forcible entry and detainer case, saying:

"In the case of *Jacobs v. Jurgensen,* 191 Ill. App. 67, it was held that where a lease provided that the landlord might declare a forfeiture of the lease because of failure on the part of the lessee to pay rent when due, such landlord had the right to waive the forfeiture and the waiver would be presumed until the landlord did some act manifesting an intention to declare a forfeiture.

"Construing the lease as modified by the admitted conduct of the parties, the plaintiffs had no legal right, as a matter of law, to bring the action on August 9, 1919. Under the circumstances, notwithstanding the provisions of the lease with respect to notice, it was the duty of the plaintiffs to notify the defendant of the intention to insist upon a strict compliance with the terms of the lease as written, and the plaintiffs were not justified by a mere secret mental operation in declaring forfeited the rights of the defendant under the lease. *Hamer v. Butterly,* 189 Ill. App. 79.

"The courts are quite ready to take hold of any reasonable circumstances which show an intent to waive a forfeiture. *Jakes v. North American Union,* 186 Ill. App. 7. The rule which is to be applied in the present case is founded upon reason and justice. Where a lessee has been led by the conduct of the lessor to believe that a strict compliance with the terms of the lease will not be insisted upon, it would be manifestly unfair to permit a forfeiture of the lessee's right under the lease because of the lessee's failure to strictly comply with such terms."

Furthermore, the plaintiff did not elect to terminate the lease without notice and regain possession by virtue of the provisions of the lease. Instead he served the notice above set forth. Having proceeded in this manner he was bound to comply with the statute relating to landlord and tenant, Cahill's St. ch. 80, ¶ 1 *et seq. McKinney v. James A. Brady Foundry Co.*, 175 Ill. App. 569. Under the statute the defendants had ten days after the service of the notice in which to pay the rent. *Foster v. Rudis*, 196 Ill. App. 174. The tender having been made within apt time, the plaintiff was without right to oust the defendant.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

WILSON, P. J., and HOLDOM, J., concur.