**In re GULLY'S, INC., Debtor.**

**The MARLING GROUP, an Illinois Limited Partnership, Plaintiff,**

**v.**

**GULLY'S, INC., Defendant.**

**Bankruptcy Nos. 80 B 14869, 80 A 2183.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Jan. 27, 1981.

Keevan D. Morgan, Morgan & Sussman, Chicago, Ill., for debtor.

Thomas J. McNulty, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the complaint of The Marling Group (hereinafter 'Lessor') to vacate the automatic stay imposed by 11 U.S.C. § 362(a). Having considered the entire record of the case, and being fully advised in the premises, the Court makes the following findings of fact and conclusions of law.

The pertinent facts are not really disputed. Debtor operates a restaurant on property leased from lessor. The lease at paragraph 13 provides that:

> ... in case of the non-payment of the rent ... or *of the breach of any covenant* in this lease ..., lessee's right to possession of the premises thereupon shall terminate, *with or without any notice or demand whatsoever,* ... and if the lessor so elects, ..., and *with or without notice*

*of such election* or *any notice or demand whatsoever, this lease shall thereupon terminate* . . . (emphasis added).

The lease also provides that rent is payable monthly in advance. The debtor frequently failed to pay rent in a timely manner, thereby breaching a covenant in the lease. Lessor apparently never gave debtor any notice that such late payments would no longer be tolerated and thenceforth insisted upon strict compliance with the lease regarding the timeliness of rent payments.

On October 13, 1980 lessor hand-delivered a letter to debtor stating that: "According to the terms of your lease . . . lessor has elected to terminate said lease on this . . . day" because of "failure to pay rent . . . on a timely basis." Debtor filed a petition under Chapter 11 of the Bankruptcy Code on November 12, 1980.

Lessor contends that pursuant to the letter of October 13, 1980, the lease was terminated, that debtor has no interest in the leased premises and that lessor should be allowed to proceed in state court on a forcible entry and detainer action. Debtor contends that by sending the termination letter, lessor waived his lease right to terminate without notice and thus lessor is bound to comply with the provisions of the Illinois Landlord and Tenant Act. S.H.A. ch. 80, § 1 et seq.

 The lease provided that upon nonpayment of rent the lease could be terminated without notice. Under Illinois law the

> parties may, by agreement in writing, waive the necessity of the landlord giving the tenant any notice of the termination of the lease by reason of any default in the payment of rent . . .

*Sandra Frocks, Inc. v. Ziff*, 397 Ill. 497 at 502, 74 N.E.2d 699 (1947).

However, lessor had previously accepted late rent payments without notifying debtor that late payments were an intolerable breach of a lease covenant. Under the above circumstances,

> notwithstanding the provision of the lease with respect to notice, it was the duty of the plaintiffs to notify the defendant of the intention to insist upon a strict compliance with the terms of the lease as written, . . .

*Sixeas v. Fogel*, 253 Ill.App. 579 at 582 (1929). Based upon the above facts and case authorities, this Court holds that lessor waived his right to forfeiture without notice, and since the October 13, 1980 letter did not comply with the provisions of the Illinois Landlord and Tenant Act[1] said attempted forfeiture was ineffective.

 A further and more compelling ground for denying lessor the relief he seeks is based upon the general rule that:

> A court may grant relief against the termination of a lease by forfeiture where equitable circumstances warrant such relief.

24 *Illinois Law and Practice, Landlord and Tenant*, § 242. In Illinois,

> the rule is well established that equity will relieve a tenant from an attempted forfeiture for nonpayment of rent on a fixed date.

*Famous Permanent Wave Shops, Inc. v. Smith*, 302 Ill.App. 178, at 183–184, 23 N.E.2d 767 (1939). *See Sixeas, supra; Illinois Merchants Trust Co. v. Harvey*, 335 Ill. 284, at 294–295, 167 N.E. 69 (1929). In the instant case the equities favor the debtor and this Court will protect the debtor from the attempted forfeiture. Lessor waived his right to declare a forfeiture without notice by accepting late rent payments without notifying the debtor that late payments would not be tolerated.[2]

Finally, debtor's business is that of a restaurant which depends for its survival on the location regularly and continuously occupied by it and with which a substantial number of its patrons have become famil-

---

**1.** Under the Illinois Landlord and Tenant Act, S.H.A. ch. 80, § 1, et. seq., § 8 provides for a 5-day notice for Demand for Rent, whereas § 9 provides for a 10-day notice under a Notice to Quit.

**2.** This Court, however, hereby orders the debtor to continue making current rent payments in the amount agreed upon in the lease.

iar. Therefore, the leased premises in question are essential to any plan of reorganization which the debtor is likely to propose.

WHEREFORE, IT IS HEREBY ORDERED that the complaint of the Marling Group to vacate the automatic stay imposed by 11 U.S.C. § 362(a) be and hereby is denied.