NOTICE
Decision filed 10/22/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180562-U

NO. 5-18-0562

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE CITY OF BELLEVILLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-MR-245 |
| | ) | |
| RANDEL KELLER, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court correctly entered summary judgment in favor of a city on its petition to demolish the property of the defendant pursuant to section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2018)) where the defendant does not dispute on appeal that he disobeyed the order of the court requiring him to give the city access to the property for inspection by a structural engineer, and refused the city such access, resulting in the circuit court imposing an adverse inference as to the structural integrity of the property on the defendant as a sanction for his discovery violation pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002).

¶ 2    The defendant, Randel Keller, appeals the October 23, 2018, judgment of the circuit court of St. Clair County that ordered his property, located at 611 E. McKinley Avenue in Belleville, to be demolished pursuant to section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2018)). For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On July 20, 2015, the City of Belleville (City) filed a petition, pursuant to section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2014)), for the demolition of the defendant's property, located at 611 E. McKinley Avenue in Belleville. According to the petition, the structure located on the premises is dangerous because it is structurally unsafe, damaged, and dilapidated, and dangerous to the neighborhood. Following a bench trial, the circuit court, the Honorable Robert P. LeChien presiding, entered an order on September 8, 2016, granting the City's petition. On October 7, 2016, the defendant filed a motion to reconsider, arguing that the City's commissioner of buildings, who was the City's sole witness, was not qualified to give an opinion as to the structural integrity of the building. On October 26, 2016, the circuit court granted the defendant's motion, and an order was entered as follows:

    "Order for demolition set aside, [and the d]efendant[']s motion for new trial is granted. The record fails to establish that the structure was unsafe or dangerous. Upon retrial, if any, [the] City will be required to submit the testimony of a structural engineer."

¶ 5      On November 28, 2016, the defendant filed a motion to set aside or vacate the circuit court's October 26, 2016, order, arguing that it was improper for the circuit court to order a new trial, effectively giving the City a second chance to prove its demolition petition. On January 9, 2017, the circuit court denied the defendant's motion and ordered the defendant to make the property available for inspection by the City. Further, the circuit court set the case for a case management conference on March 6, 2017. Thereafter, the defendant filed an "objection" to the circuit court's order requiring him to make the property available for inspection by a structural engineer. On March 6, 2017, the circuit court entered an order overruling the defendant's objection and noting that the City would file "a motion" within 30 days, with the defendant having 14 days

2

to respond. There is no report of proceedings in the record on appeal for the hearing that took place on March 6, 2017.

¶ 6    On March 10, 2017, the City filed a motion for summary judgment and for sanctions pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002). According to the motion, the defendant expressed to the court at the March 6, 2017, hearing that he was refusing to make the property available for inspection in violation of the circuit court's January 9, 2017, order. Based on this refusal, the City argued that it was entitled to an inference that such an inspection would result in evidence adverse to the defendant, and that as a sanction for the defendant's discovery violation, the defendant should be foreclosed from presenting any defense as to the structural integrity of the building. In response, the defendant persisted in his position that it was improper to allow the City to proceed on its petition after judgment in its favor had been set aside following the first trial.

¶ 7    On May 10, 2017, the circuit court heard arguments on the City's motion for summary judgment and sanctions and granted the City's motion. The circuit court ordered the City to provide a proposed formal order to the circuit court. Before that order was entered, the Honorable Robert P. LeChien passed away. Nevertheless, the defendant pursued an appeal of the circuit court's May 10, 2017, order, which was ultimately dismissed on August 14, 2018, due to the lack of a final order. On October 1, 2018, the case was assigned to the Honorable Julie K. Katz for disposition. She immediately set the case for a status hearing on October 15, 2018, at which time she requested a formal judgment order from the City. On October 23, 2018, the circuit court entered a final

judgment order granting the City's demolition petition. On November 21, 2018, the defendant filed a *pro se* notice of appeal.[1]

¶ 8                                        II. ANALYSIS

¶ 9      At the outset, we note that, on February 26, 2019, the defendant filed a motion to stay the demolition of the property pending the outcome of this appeal. However, the defendant's motion failed to comport with Illinois Supreme Court Rule 305(d) (eff. July 1, 2017), which requires that a motion for a stay be first made to the circuit court, and that any such motion in this court must show that application to the circuit court is not practical, or that the circuit court has denied such an application. The defendant's motion does not make this showing. Accordingly, we deny the motion.

¶ 10     On appeal, the defendant makes two arguments, which we address in turn. First, the defendant argues that the circuit court erred by qualifying the City's commissioner of buildings as an expert at the first trial. We find that this issue does not affect the propriety of the circuit court's October 23, 2018, order, because the circuit court agreed with the defendant on this point, which is why it set aside its judgment after the first trial on the basis that the City must present the testimony of a structural engineer. Accordingly, the lack of the qualification of the commissioner of buildings at the first trial does not provide a basis for reversal of the October 23, 2018, order,

---

[1]The City's brief states that the defendant no longer owns the property, as it was sold for taxes to a new owner. The brief states that the tax deeds were attached thereto as exhibits, but the court does not find that they are, in fact, attached. Even if they were, they are not appropriate for our consideration because they are outside the record. See *In re J.S.*, 267 Ill. App. 3d 145, 151 (1994). In any event, a transfer in ownership does not negate the interest that the City has in the outcome of this appeal because the tax buyer purchased the property subject to the circuit court's judgment pursuant to the doctrine of *lis pendens*. See *Chung v. Pham*, 2020 IL App (3d) 190218, ¶¶ 42-44. Accordingly, this appeal is not moot. See *In re Marriage of Landfield*, 118 Ill. 2d 229, 232 (1987) (an appeal becomes moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief to either party).

4

which granted the City a summary judgment based on the defendant's failure to make the property available for inspection.

¶ 11   The second issue the defendant raises is based on his argument that it was improper for the circuit court to allow a new trial on the City's petition for demolition when he did not request a new trial in his motion to reconsider. The circuit court granted the defendant's motion to reconsider when it set aside its first order granting the petition for demolition. However, the defendant's success on that motion did not foreclose the City from continuing to proceed on its petition. Section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2014)) allows for a municipality to apply to the circuit court for authorization for the demolition of unsafe buildings upon notice to the owners. Nothing in that section limits the number of applications that may be made nor the number of hearings held regarding the safety of a particular building. Here, following the first trial, the circuit court determined that the City had not proven that the building was unsafe because it had not provided the testimony of a structural engineer. There is nothing in section 11-31-1 that forecloses the circuit court from ordering an inspection by such an engineer and allowing for further proceedings on the issue of the building's safety. Accordingly, we find no error.

¶ 12   The defendant has raised no issue regarding the propriety of the circuit court's imposition of an adverse inference as to the structural integrity of the property as a sanction for his refusal to comply with its order requiring an inspection of the property. Accordingly, the defendant has forfeited any such argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for rehearing). Forfeiture notwithstanding, the defendant does not dispute that he refused to allow a structural engineer to inspect the property after the circuit court ordered a new

5

trial on the petition. The matter of sanctions for failure to comply with orders with respect to discovery under Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) is within the discretion of the circuit court, and we will not disturb its decision unless we find an abuse of discretion. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998). Here, considering that the structural integrity of the building at issue was a central question to be determined by this action, we cannot say that no reasonable trial judge would have imposed an adverse inference on the issue as a sanction for the defendant's refusal to make the property available for inspection.

¶ 13 Finally, we recognize that, to issue a demolition order under section 11-31-1, the circuit court was also required to find that the building was beyond reasonable repair, and that requires a determination of the property's current value. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 130-31 (2004). The record in this case does not contain any evidence of the value of the subject property. However, the defendant did not raise this issue in the trial court, nor on appeal, and thus it is also forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for rehearing). While forfeiture is limitation on the parties and not the court, and we can overlook forfeiture and address an issue when it is necessary to obtain a just result or to maintain a sound body of precedent (see *Village of New Athens v. Smith*, 2021 IL App (5th) 200257, ¶ 22), we decline to overlook forfeiture on this issue because the defendant has never submitted to the circuit court, or to this court on appeal, his willingness to follow the circuit court's order and submit the subject property to the inspection as required by our supreme court's rules on discovery. Thus, we find the defendant's continued refusal to submit the subject property to inspection continues to

prejudice the City's ability to proceed to a trial on its petition, and thus, we are not convinced that overlooking forfeiture on this issue would lead to a just result.

¶ 14                                    III. CONCLUSION

¶ 15    For the foregoing reasons, the October 23, 2018, judgment, granting the City's petition to demolish the structure at 611 E. McKinley Avenue in Belleville, is affirmed.

¶ 16    Motion denied; judgment affirmed.